## WESTERN UNION TELEGRAPH CO. v. SORENSON.

### No. 8984.

Court of Civil Appeals of Texas. San Antonio.

Jan. 25, 1933.

R. B. Creager and R. E. Green, both of Brownsville, for appellant.

S. L. Gill and Orris N. McNeil, both of Raymondville, for appellee.

SMITH, J.

This action was brought by E. M. Sorenson against the Western Union Telegraph Company to recover actual and exemplary damages alleged to have been sustained by Sorenson on account of the erroneous transmission of a telegram sent by Sorenson to one Paulson in a distant state. The body of the message filed for transmission was as follows:

"Will pay you thirty-six hundred dollars cash for your land here. All taxes to be paid by *you*. Taxes for this year paid by purchaser. I will pay for abstract. Wire acceptance and I will send deed for signature. Money available within ten or fifteen days." (Italics ours.)

It is alleged the message was changed in transmission so that when delivered to the addressee it read as follows:

"Will pay you thirtysix hundred dollars cash for your land here all taxes to be paid by *the* Taxes for this year to be paid by purchaser I will pay for abstract wire acceptance and I will send deed for signature money available within ten or fifteen days." (Italics ours.)

It will be observed that the italicised word "you" was changed to the italicised word "the," which rendered unintelligible the stipulation concerning the payment of taxes. It was alleged and proven that the error resulted in a requirement that Sorenson pay said taxes, amounting to $241, whereas, but for such error, he would have been relieved of such payment. Sorenson recovered $241 actual damages, and $250 exemplary damages. The telegraph company has appealed.

█ There was neither allegation nor proof of facts warranting the judgment for exemplary damages, which must be specifically pleaded and proved.

So must the judgment for actual damages be reversed.

 The contents of the message actually delivered at destination was proved only by a purported copy thereof as quoted in a letter from the addressee to the sender. Its introduction in that form and from that source was appropriately objected to by appellant, but was admitted nevertheless. This was error. The contents of the message as actually delivered by appellant cannot be proven by any mere letter or ex parte statement of the addressee, or of any other person. It may, of course, be proved by the deposition of the addressee, with the original delivered message attached, or proven copy with satisfactory explanation of the failure to attach the original. The correspondence between appellee and the addressee was not admissible for any purpose, in the presence of appropriate objections, which ought to be obvious.

 Appellant complains of the measure by which the court below ascertained appellee's damages, contending that, as appellee made a profit in his transaction with Paulson in spite of the loss occasioned by the alleged error in the transmission of said telegram, he was not entitled to recover any amount. Appellant's contention is unreasonable and fanciful, and without support in the authority it cites. The true measure is the actual loss to the injured party in so far as the same was a natural and reasonable result of the negligence of the telegraph company in transmitting the message.

The judgment is reversed, and the cause remanded.